STATE EX REL. TAYLOR, RELATOR, v. DUNCAN, COUNTY CLERK, RESPONDENT.

(No. 3,809.)

(Submitted February 19, 1916. Decided February 23, 1916.)

[155 Pac. 1111.]

*Primary Elections—Time for Holding—Initiated Laws—Construction—Mandamus.*

1. *Held*, on *mandamus*, that initiated law providing for a primary election of candidates for delegates to national party conventions and for the nomination of presidential electors by direct vote (Laws 1913, p. 590), to be held on the forty-fifth day before the first Monday in June in presidential years, and the law, likewise initiated (Laws

1913, p. 570), making provision for a similar election for the purpose of making party nominations of state and county officers to be held on the seventieth day preceding the biennial general elections, may not be construed so as to permit the holding of but one election for both purposes.

Original application for writ of mandate by the State, on the relation of William Taylor, against A. J. Duncan, as County Clerk of Lewis and Clark County. Heard on motion to quash. Motion granted, and proceeding dismissed.

*Messrs. Galen & Mettler,* for Relator, submitted a brief; *Mr. A. J. Galen* argued the cause orally.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, submitted a brief; *Mr. Poorman* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

*Mandamus* to compel the respondent, as county clerk of Lewis and Clark county, to file the petition of the relator as a candidate for the Democratic nomination to the office of public administrator of said county and to place his name as such candidate upon the official ballot to be used at the primary election to be held on April 21, 1916. The theory upon which the relief is sought is that in virtue of the provisions of the laws passed by the initiative at the general election of 1912, relating to primary elections, it is required that, in the years when a President and Vice-president of the United States are to be elected, the primary election for all offices—state and county, as well to indicate the presidential preference, to nominate presidential electors, and to elect delegates to the national conventions—shall be held on the forty-fifth day before the first Monday of June. As no dispute exists concerning the relator's right to be submitted as such candidate for nomination at such time as may be appropriate, the question presented is whether these initiated laws contemplate the holding of one primary or two in presidential years.

That these laws are an attempt by the people to enact in this
[1]   state the general features of the primary law of Oregon
cannot be open to doubt, and it must likewise be conceded that
the effort to adapt the provisions of that law to the legislative
and other conditions of this state has been most unskillfully per-
formed.   Some things, however, are obvious.   At the time our
laws were enacted, the Oregon law consisted of the general
primary law relating to nominations for state and county offices
as amended by a later enactment relating to presidential electors
and delegates to national conventions; the whole, however, con-
stituting one law, the effect of which is to require but one
primary election in presidential years.   Had it been the inten-
tion to so provide in this state, the Oregon law as a whole would
doubtless have been enacted in one law.   This was not done; in-
stead, the people of this state enacted two laws, one establishing
the primary for nominations to state and county offices, to be
held on the seventieth day preceding the biennial general elec-
tions, the other providing for an election to be held on the forty-
fifth day before the first Monday in June in presidential years,
for the selection of delegates to national party conventions and
for the nomination of presidential electors.   It is quite true the
latter Act contains the phrase, "the primary nominating elec-
tion shall be held, *etc.*"; but it cannot be supposed that this
phrase has reference to any other election than the one therein
prescribed.   The apparently deliberate separation of the single
Oregon law into the two Montana Acts cannot be ignored.

Again, the title to the Act last referred to is significant.
While we are not required to hold that a law passed by the peo-
ple upon the initiative is subject in all respects to the constitu-
tional provisions and restrictions touching the title to Acts
passed by the legislative assembly, yet the title may be fairly
accepted as a notice to the people of the general contents of a
bill presented for their acceptance or rejection, and as some in-
dication of their intent in passing it.   Now, the title in question
contains no intimation that state and county nominations are
involved in the Act, but expressly avows that its purpose is "to

provide for the expression by the people of the state of their preference for party candidates for President and Vice-president of the United States, the election of delegates to presidential conventions and the nomination of presidential electors.''

The relator invokes the rule which requires us to avoid a construction leading to absurdity or mischief, and asserts that the duplication of primaries is both of these. Whether this is so depends somewhat on the point of view, and we are not prepared to say that no sound reason whatever can be assigned for the separation of the two events. These considerations have to do, therefore, not with the construction or validity of the law relating to presidential primaries, but with its wisdom, and of that this court is not the arbiter. If, as appears here, it was the apparent intention of the people, for reasons satisfactory to themselves, to segregate the primary election for presidential preference from that for state and county offices, we know of no legal obstacle to the accomplishment of that intention. We see nothing in the provisions of the presidential primary law, either within itself or in collation with other statutory provisions, to warrant any other construction, and we are satisfied that the county clerk of Lewis and Clark county is under no legal duty to submit the relator's candidacy at the primary election in April.

The motion to quash is therefore sustained and the proceeding dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.